**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**
*Plaintiff,*

v.

**[10] JEAN CARLOS AYALA-MORALES,**
a.k.a. "Flaco"
*Defendant.*

**CRIMINAL NO. 22-409 (SCC)**



**PLEA AND FORFEITURE AGREEMENT**

**TO THE HONORABLE COURT:**

The United States of America, Defendant, **[10] JEAN CARLOS AYALA-MORALES**, and Defendant's counsel, Johnny Rivera-Gonzalez, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

   Defendant agrees to plead guilty to Count One of the Indictment:

   Count One: From a date unknown during the year 2019 and continuing up to and until the return of the instant Indictment, in the Municipality of Yauco, in the District of Puerto Rico and within the jurisdiction of this Court, **[10] Jean Carlos AYALA-Morales**, and other members of the drug trafficking organization ("DTO"), did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally distribute

controlled substances, to wit:   in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; less than 50 kilograms of marihuana of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of a real property of the Santa Catalina Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby the municipality of Yauco, Puerto Rico.   All in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860.

**Maximum Penalties**

<u>Count One</u>: The statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment which shall not be less than ten (10) years and up to life in prison; a fine not to exceed twenty million dollars ($20,000,000.00); and a term of supervised release of at least ten (10) years, in addition to any term of incarceration, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846 and 860.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least 500 G but less than 2 KG of Cocaine, the defendant faces a term of imprisonment which may not be less than 5 years and not more than 80 years, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised

release of at least eight (8) years in addition to any term of incarceration, pursuant to 21 U.S.C. §§ 841(b)(1)(B), 846 and 860.

### 2. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 3. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 4. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

*U.S. v. [10] Jean Carlos AYALA-Morales*, 22-409 (SCC)

### 5. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 6. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| Sentencing Guidelines Calculations Table COUNT ONE 18 USC § 841(a)(1), (b)(1)(B) and § 846 (Conspiracy to Possess with Intent to Distribute Controlled Substances) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Base Offense Level U.S.S.G. § 2D1.1 (c)(8) At least 500 G but less than 2 KG of Cocaine; | | | | | | | | 24 |
| Protected Location USSG § 2D1.2(a)(1) | | | | | | | | +2 |
| Specific Offense Characteristics: foreseeability of knowledge of possession of firearms USSG 2D1.1(b)(1) and §1B1.3(a)(1)(B) | | | | | | | | +2 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1 (a)&(b) | | | | | | | | -3 |
| TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level | 25 |
| 25 | 057-071 | 063-078 | 070-087 | 084-105 | 100-125 | 110-137 | | |

## 7. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to that the defense may argue for a sentence of 60 months of imprisonment, while the Government reserves the right to argue for a sentence of up to 72 months of imprisonment, regardless of criminal history category. The parties acknowledge that Count One carries a mandatory minimum sentence of sixty (60) months of imprisonment.

The parties recognize that the recommendation that will be made to the Court as to sentencing may constitute a variance to the sentencing guidelines. The parties agree that after consideration of the nature of the offense, further described in the statement of facts, the charges of the indictment, and all 18 U.S.C. § 3553(a) factors, the sentencing recommendation agreed to by the parties is consistent with the objectives of 18 U.S.C. § 3553.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 8. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 9. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 72 months or less, Defendant waives the right to appeal any

aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 10. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 11.  Satisfaction with Counsel

Defendant is satisfied with counsel, Johnny Rivera-Gonzalez, Esq., and asserts that counsel has rendered effective legal assistance.



### 12. Rights Surrendered by Defendant Through Guilty Plea



Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

    a.  If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 13. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 14. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 15. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 16. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.



### 17. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 18. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 19. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 20. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 22. Forfeiture Provision

Pursuant to this Plea Agreement, the defendant agrees to forfeit to the United States any drug proceeds or substitute assets for that amount, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of 21 U.S.C. §§841, 846 and 860. Further, defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant

maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant by agreeing to the forfeiture stated above, acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

W. STEPHEN MULDROW
United States Attorney

_____
Alberto Lopez-Rocafort
Assistant United States Attorney
Chief, Gang Section
Dated: 1/25/2023

_____
Johnny Rivera-Gonzalez, Esq.
Counsel for Defendant
Dated: 1-31-2023

_____
Cristina Caraballo-Colón
Assistant United States Attorney
Gang Section
Dated: 1.24.2023

_____
[10] Jean Carlos AYALA-Morales
Defendant
Dated: 1-31-2023

*U.S. v. [10] Jean Carlos AYALA-Morales, 22-409 (SCC)*

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 1-31-2023

_____
[10] Jean Carlos AYALA-Morales
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 1-31-2023

_____
Johnny Rivera-Gonzalez, Esq.
Counsel for Defendant

*U.S. v. [10] Jean Carlos AYALA-Morales, 22-409 (SCC)*

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant **[10] Jean Carlos AYALA-Morales** admits that he is guilty as charged in the Indictment and that the following is a true and accurate summary of the facts leading to his acceptance of responsibility:

From a date unknown during the year 2019 and continuing up to and until the return of the instant Indictment, in the Municipality of Yauco, in the District of Puerto Rico and within the jurisdiction of this Court, **[10] Jean Carlos AYALA-Morales**, and other members of the drug trafficking organization ("DTO"), did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; less than 50 kilograms of marihuana of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of a real property of the Santa Catalina Public Housing Project, a housing facility

owned by a public housing authority, and other areas nearby the municipality of Yauco, Puerto Rico.

The object of the conspiracy was the large-scale distribution of controlled substances at the Santa Catalina Public Housing Project and other areas in the Municipality of Yauco, Puerto Rico, all for significant financial gain and profit. Defendant **[10] Jean Carlos AYALA-Morales** acted as a seller for the drug trafficking organization. As a seller, the defendant would distribute street-quantity amounts of heroin, crack cocaine, cocaine, and marijuana and was accountable for the drug proceeds and the narcotics sold at the drug distribution points.

While multiple kilograms of heroin, cocaine, cocaine base and marijuana, were distributed during the conspiracy, for the sole purpose of this plea agreement, the defendant acknowledges that during the span of the conspiracy he possessed with intent to distribute at least 500 G but less than 2 KG of Cocaine.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical, and documentary

*Space Left Blank Intentionally*

*Continued on the Next Page*

*U.S. v. [10] Jean Carlos AYALA-Morales, 22-409 (SCC)*

evidence, which would have proven, beyond a reasonable doubt, that defendant **[10]**

**Jean Carlos AYALA-Morales** is guilty as charged in Count One of the Indictment.

Discovery was timely made available to the defendant for his review.

Cristina Caraballo-Colón
Assistant United States Attorney
Gang Section
Dated: _1·31·2023_

Johnny Rivera-Gonzalez, Esq.
Counsel for Defendant
Dated: _1-31-2023_

[10] Jean Carlos AYALA-Morales
Defendant
Dated: _1-31-2023_